United States District Court for the District of Maryland
Greenbelt Division

**Plaintiff:**

Emily Zhang

14420 William Carr Lane

Centreville, VA 20120

v.

**Defendant:**

Lockheed Martin Corporation

6801 Rockledge Drive

Bethesda, MD 20817

Serve:

**Registered Agent:**

CSC-Lawyers Incorporation Service Company

7 St. Paul Street, Suite 1660

Baltimore, MD 21202

Case No.

DKC 13 CV 3898

## COMPLAINT

COMES NOW the plaintiff, Emily Zhang ("Ms. Zhang"), respectfully moves this court for entry of the judgment in her favor, and against the Defendant, Lockheed Martin and states as follows.

### NATURE OF ACTION

1. This action sets forth claims under Title VII of the Civil Rights Act of 1964, as amended, hostile, harassing working environment and discrimination on the basis of race, sexual harassment, and illegal termination based on discrimination and retaliation.

2. This action also sets forth claims under 42 U.S.C. § 1981 for race and discrimination and retaliation.

## PROCEDUAL STATUS

3. Ms. Zhang filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on March 19th, 2013.
4. Over 180 days have passed since Ms. Zhang filed her charge.
5. Ms. Zhang received a notice of "right-to-sue" letter from EEOC dated September 30, 2013.

## PARTIES

6. Plaintiff Ms. Emily Zhang is a resident and citizen of the Fairfax County, Virginia.
7. Defendant Lockheed Martin Corporation is a business in security, aerospace and defense, and with principal business and headquarters in Bethesda, Maryland and with substantial business activities in Rockville, Gaithersburg, Baltimore, Maryland, and with 123,000 employees.

## JURISDICTION AND VENUE

8. Lockheed Martin has its principal place of business, headquarter, HR in Maryland in jurisdiction district of this Court. Lockheed Martin is a citizen of the state of Maryland pursuant of section1332 (c) (1) of Title 28. And this action will not entitle the defendant to have jurisdiction removal.
9. This Court has jurisdiction pursuant of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981.
10. Venue is proper in this Court pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391 (b)(1)-(2).
11. Defendant Lockheed Martin regularly conducts and currently conducts substantial business activities in Rockville, Bethesda, Gaithersburg, Baltimore, Maryland, in this jurisdiction district, and defendant Lockheed Martin's principal place of business and headquarter, HR are in Maryland in this jurisdiction, evidence and employment records relevant to the allegations are maintained in this jurisdiction, and a substantial part of the events giving rise to this Complaint occurred in this jurisdiction.

## BACKGROUND

12. Ms. Zhang (Plaintiff) was hired by Lockheed Martin Corporation from 02/28/2012 as Consultant Employee with job title of Mobile Application Designer. And she was converted and promoted by Lockheed Martin as permanent employee with job title of System Architect, Visual Design on 05/28/2012. Ms. Zhang was terminated from job by Lockheed Martin on 09/28/2012.

13. During Ms. Zhang's employment with Lockheed Martin, Ms. Zhang was paid $115,000 annual salary plus vacation, sick days, medical, dental, 401K, etc.

14. When Ms. Zhang worked for Lockheed Martin, she worked on Lockheed Martin's GSA (US General Service Administration) project, and mainly in charge of the user experience, user interface of the GSA mobile web application, and other major GSA web applications.

15. On June 14, 2012, When Ms. Zhang and several other Chinese coworkers had coffee break together at work, during casual conversation, one of the coworkers, Donna Deng, working as contractor for Lockheed Martin, and on Lockheed Martin's site, suggested Ms. Zhang should date/marry an American guy and in this way, Ms. Zhang could deliver a crossbreed bastard/son of bitch. Ms. Zhang was quite shocked to hear that and she believed all other coworkers were shocked too.

    In Chinese culture, those remarks are extremely racial, offensive, discriminatory, and derogatory. Even in American culture, it is very harassing and racially discriminatory too.

16. On June 18, 2012, Ms. Zhang sent an email to Donna Deng and the other two coworkers who witnessed what happened, and told her that what she said and her behavior was harassing, offensive, racially discriminatory and unacceptable and told her this couldn't happen again in the future.

17. Donna Deng replied the email and admitted what she said and did, but explained it as a joke.

18. On the same day, Ms. Zhang reported to her direct manager Vinodh Raman (development manager) and higher-level manager (Vinodh's manager), Ravikumar Veerasamy (task manager). The management told Ms. Zhang they would report it to Lockheed Martin HR.
19. This was not single incident from Donna Deng's harassment. Ms. Zhang has been racially and sexually harassed by Donna Deng many times before this incident.
20. Besides the most recent incident, which Donna Deng stated Ms. Zhang should marry an American guy in order to have cross breed son of bitch, she also nastily suggested many times that Ms. Zhang should sleep with her husband since her husband was looking for sex outside marriage and she believed her husband would like Ms. Zhang's sexual body type which she commented as "fat type". Ms. Zhang felt sexually harassed. Every time Donna Deng did this, she explained it as joke. Ms. Zhang told Donna Deng she didn't like this type of jokes and asked Donna Deng to stop, but Donna Deng still continued.
21. After Ms. Zhang and her manager reported the racial discrimination issue to Lockheed Martin HR manager, HR manager told Ms. Zhang that Lockheed Martin can't do anything about Donna Deng's racial and sexual harassment and discrimination with the excuse that Donna Deng is a contractor and not Lockheed Martin employee.
22. On 07/06/2012, after Ms. Zhang talked to an employment attorney and armed with the employment law knowledge and after reviewed EEOC's laws and regulations, Ms. Zhang sent email to Lockheed Martin HR manager, Michelle Margin and senior manger Tamar Becks, and told them it is not right and illegal that she was racially and sexually harassed on Lockheed Martin's site as a Lockheed Martin employee, while with no action taken from Lockheed Martin to protect her rights at all and with the excuse the harasser was not Lockheed Martin employee.
Ms. Zhang told Lockheed Martin she was seriously harassed racially and sexually, it was beyond any reasonable human being's tolerance and it

impact her job and it was racial discrimination and sexual harassment. Not taking actions about it is against EEOC's rules and regulations and it is illegal.

Ms. Zhang requested that Lockheed Martin should take immediate corrective actions. In the email to HR, Ms. Zhang also sent EEOC regulations and rules and legal documents about racial discrimination and sexual harassment at work.

23. Lockheed Martin HR manager and senior HR manager didn't respond to Ms. Zhang's request.

24. With the knowledge from employment attorney and EEOC's extensive information about discrimination online, Ms. Zhang knew well that it's illegal for Lockheed Martin not to take any corrective actions based on the discrimination of racial and sexual harassment. Based on EEOC's employee definition, even if Donna Deng is a contractor of Lockheed Martin, she works on Lockheed Martin's site, managed by Lockheed Martin manager, and job task is assigned by Lockheed Martin, she is actually an employee of Lockheed Martin. It was totally a lie of Lockheed Martin HR that they didn't take any action because harasser is a contractor of Lockheed Martin.

25. Ms. Zhang also reviewed Lockheed Martin corporate "Harassment-Free Workplace" documentation (corporate policy statement CPS-564). It says clearly that this policy applied to Lockheed Martin employees, contractors, suppliers, business partners, visitors, and customers and conversely treatment of Lockheed Martin employees.
In Lockheed Martin's corporate policy document, it states:
*Lockheed Martin prohibits verbal or physical conduct that offends, abuses, intimidates, torments, degrades, or threatens a person on the basis of his or her race, ethnicity, religion, color, sex, national origin, age. And examples of prohibited conduct include: making or using derogatory comments, epithets, slurs, jokes, or objects. Unwelcome touching, assault, impeding or blocking movements. And sexual harassment, including gender-based harassment of a person of the same sex. Unwanted sexual advances, including verbal sexual*

*advances ad propositions. Sexually degrading words used to describe an individual, etc.*

*Lockheed Martin will adhere to "zero tolerance" approach in the enforcement of this policy, with our goal being to main a safe and secure workplace consistent with our corporate values to do what's right, respect others, and perform with excellence.*

*We will take appropriate action, up to and including termination from employment, whenever such inappropriate behavior occurs.*

26. Obviously, what Lockheed Martin HR manager said/did was totally contradictory to Lockheed Martin's own Harassment Free Corporate Policy, contradictory to EEOC regulations and rules and contradictory to what employment attorney told her. Therefore, on 07/12, Ms. Zhang addressed the issues to higher level Lockheed Martin HR, Ann Addison, VP of Lockheed Martin HR. Ms. Zhang reported the harassment and discrimination incidents and also the harasser's retaliation by continuous slander, defaming Ms. Zhang at work after her report and by continuous creating hostile, intolerable working environment for her. Ms. Zhang requested again for investigation and corrective actions taken.

27. Around 08/15/2012, Senior HR manager of Lockheed Martin, Tamar Decks had a meeting with Ms. Zhang and Ms. Zhang's direct manager, Vinodh Raman. It looked like Ms. Becks didn't have very basic HR and very basic legal training herself, at the meeting, this senior HR manager unprofessionally told Ms. Zhang that it was illegal for Ms. Zhang to send email to HR with EEOC regulations and rules and other legal documentation about harassment and discrimination previously. Ms. Decks also told Ms. Zhang at a previous meeting that the complaint Ms. Zhang filed to HR was not a harassment issue, it was not a discrimination issue, and it was not a HR issue. Ms. Zhang questioned Ms. Decks if this issue can't be what HR is in charge, what can be? Ms. Decks thought a long while and told Ms. Zhang if someone stole at work, that's what HR should be in charge of. At the same meeting on 08/15/2012, she also told Ms. Zhang if Lockheed Martin could have killed Donna Deng, Ms. Zhang

would have been happy, which quite shocked not only Ms. Zhang, but also her manager Vinodh Raman. Mr. Raman had to interrupt Ms. Becks and reminded her of being focus on the actual issue she should talk about. She then added that Lockheed Martin can't and wouldn't do anything concerning Ms. Zhang's complaint about harassment and discrimination, and she suggested Ms. Zhang leave her job at Lockheed Martin and look for other jobs.

28. After Ms. Zhang filed complaint to HR, during 06/2012 and 08/2012, the higher level manager, task manager, Ravikumar Veerasamy, not happy about the fact the harassment issue was reported to HR, began to retaliate against Ms. Zhang by taking back her work equipment she had been using on daily basis, which was a 19 inch Macbook and which she need to use for mobile application design. He also took away the iPad provided to Ms. Zhang which Ms. Zhang had been using for mobile application design and testing. Ms. Zhang began to be excluded from many meetings she supposed to be in.

29. Around 08/18/2012, Ms. Zhang's complaint was closed by Lockheed Martin with no resolution and no action taken.

30. On 09/25/2012, HR manager told Ms. Zhang that she was cut from her job as layoff and 09/28/2012 was her last day. Ms. Zhang was laid off with "0" severance from Lockheed Martin.

31. There was no evidential document to show why Ms. Zhang was terminated as layoff.

32. During the employment with Lockheed Martin, Ms. Zhang had outstanding job performance and there had never been any job performance issue addressed.

33. During 07/2012 to 08/2012, Ms. Zhang also reported some coworkers' illegal log at Lockheed Martin for billing hours to the client, US GSA. A lot of coworkers work 6/7 hours a day, including lunch time, but still log and bill the government 8 hours. However, this report was totally disregarded by HR.

34. Upon information and Ms.Zhang's knowledge, Donna Deng, as a contractor of Lockheed Martin still works at Lockheed Martin's site.
35. Upon information and Ms. Zhang's knowledge, Ms. Zhang's direct manager, Vinodh Raman left Lockheed Martin soon after Ms. Zhang's layoff, voluntarily or involuntarily.

## COUNT I
## DISCRIMINATION AND UNLAWFUL TERMINATION
## BASED ON RACE AND SEXUAL HARASSMENT

(Violation of Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 1981)

36. The allegations of each of the foregoing paragraphs are incorporated as if re-alleged herein.
37. Lockheed Marin, through its contractor, Donna Deng, on Lockheed Martin's worksite, racially and sexually harassed its employee, Ms. Zhang. The harasser told Ms. Zhang to marry an American guy to deliver a cross breed son of bitch, in front of other co-workers. She also told Ms. Zhang many times at different occasions that Ms. Zhang should sleep with her husband since her husband was looking for sex outside marriage and she believed her husband would like Ms. Zhang's sexual body type which she commented as "fat type".
These behaviors were **NOT isolated incidents**, instead, they were sufficiently severe, repetitive, continuous and pervasive, and the harassing, hostile working environment is far beyond any normal reasonable human being can tolerate and it changed Ms. Zhang's employment terms and conditions which eventually led to Ms. Zhang's termination from job.
38. Lockheed Martin, through its employees, managers, Senior HR Manager (Tamar Becks), HR Partner (Michelle Magin) and Task Manager (Ravikumar Veerasamy), encouraging racial and sexual harassment at work and hostile, disparate working environment, depriving Ms. Zhang's equal human rights at work.

39. Lockheed Martin had factual knowledge of the hostile, racial and sexual harassing working environment, however, Lockheed Martin refused to take any corrective, remedial actions to protect Ms. Zhang's basic equal human rights which are free from harassing, discriminatory working environment.

    In Lockheed Martin's response to EEOC's charge, they explained the reason of no corrective actions (not even a verbal warning to harasser) taken as:

    *Ms. Zhang was not subjected to actionable harassment due to 1: harasser is not Ms. Zhang's supervisor 2: harasser is a contractor and not employee of Lockheed Martin.*

    These explanations are not only totally contradictory to Lockheed Martin's corporate policy (see paragraph 25) and EEOC's Title VII rules and regulations concerning discrimination based on race and sexual harassment, but also, are totally lies to cover Lockheed Martin's illegal employment practice.

40. Lockheed Martin willfully engaged in illegal employment practices with malice.

    The discrimination based on race and sexual harassment is well established by Lockheed Martin since it matches exactly for EEOC Title VII and 42 U.S.C. § 1981's unlawful harassment and discrimination requirements:

    EEOC Title VII states the following:

    *"There are two requirements for race-based conduct to trigger potential liability for unlawful harassment: (1) the conduct must be unwelcome; and (2) the conduct must be sufficiently severe or pervasive to alter the terms and conditions of employment in the mind of the victim and from the perspective of a reasonable person in the victim's position. At this point, the harassing conduct "offends Title VII's broad rule of workplace equality."*

    *"The conduct must be unwelcome in the sense that the alleged victim did not solicit or incite the conduct and regarded it as undesirable or offensive. When the conduct involves mistreatment or is racially derogatory in nature, unwelcomeness usually is not an issue, even **when the alleged harasser and victim are of the***

*same race."*

*"Sexual harassment does not have to be of a sexual nature, however, and can include offensive remarks about a person's sex."*

*"Both victim and the (sexual) harasser can be either a woman or a man, and the victim and harasser can be the same sex."*

41. As the results of Lockheed Martin's actions, Ms. Zhang has suffered and will continue suffer in the future great damages, loss of income, loss of medical and dental, loss of career opportunity, and all corresponding humiliation, stress, emotional anguish, depression, etc. esp. as a single mother with a little child.

42. Due to the severity of Lockheed Martin and its employees' conduct, Ms. Zhang is entitled to punitive damages.

## COUNT II

## RETALIATION

(Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981)

43. The allegations of each of the foregoing paragraphs are incorporated as if re-alleged herein.

44. Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981 is constituted by Lockheed Martin because it matches all the elements of retaliatory termination which Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981 require.

   A. Plaintiff engaged in protected conduct.

   After Ms. Zhang was racially and sexually harassed by harasser at work, she reported and filed complaint to Lockheed Martin management and HR and opposed the discrimination based on race and sexual harassment. After Lockheed Martin refused to take corrective actions, she talked to employment attorney and sent EEOC Title VII rules and regulations about discrimination and hostile working environment to HR and stated it was illegal for Lockheed Martin not to take any remedial action at all and not to protect her equal human rights at work.

B. Ms. Zhang suffered adverse employment actions.

Right after Ms. Zhang filed complaint about discrimination and hostile working environment to Lockheed Martin HR, the task manager was not happy about the filing of complaint and began to retaliate against Ms. Zhang by taking away her work equipment (Macbook and an iPad) and by excluding her from very important project meetings, which Ms. Zhang supposed to attend. The senior manager of Lockheed Martin HR told Ms. Zhang that she should leave her job at Lockheed Martin and look for other jobs. About one month later after the HR's threat about her job, Ms. Zhang was terminated from job as layoff.

C. Casual connection between the protected activities and the adverse employment actions.

After Ms. Zhang engaged protected activities, on 08/15/2012, Senior HR manager of Lockheed Martin told her that she should look for other jobs outside Lockheed Martin. Then on 09/25/2012, Ms. Zhang was informed by HR that she was terminated. A reasonable and sufficient causal connection is built between the protected activities and the adverse employment actions. Besides, during the employment with Lockheed Martin, Ms. Zhang has never been addressed any job performance issue, instead, her job performance was outstanding. Also, right after HR manager's threat on 08/15/2012, Ms. Zhang talked to the project manager, who knows more about project planning and budgeting, if she was going to be fired since HR already threatened, or if there may be budget problem for her position. She was told when she was converted into permanent employee from a consultant employee at the end of May 2012, which was very close to the date of her filing of complaint, the position was filled for her, and the budget was set and planned for her position long term, otherwise, Lockheed Martin wouldn't have converted her into permanent employee in the first place, and there

was need to worry about her job loss. With good job performance and already set budget for her job position, Lockheed Martin had no non-discriminatory reasons to terminate Ms. Zhang's job. Besides, there was no evidential document to show why Ms. Zhang was terminated as layoff, with "0" severance compensation. However, there was only one discriminatory reason that Ms. Zhang was terminated: Ms. Zhang filed complaint of discrimination based on racial and sexual harassment and engaged in protected activities. If she hadn't filed the complaint, she would not have terminated from her job and would have been enjoying a high level job as "system architect, visual design", with $115,000 annual salary plus all the excellent benefits a big corporate business can provide and with a good career to build upon. This is obvious retaliation!

45. As the results of Lockheed Martin's actions, Ms. Zhang has suffered and will continue suffer in the future great damages, loss of income, loss of medical and dental, loss of career opportunity, and all corresponding humiliation, stress, emotional anguish, depression, etc. esp. as a single mother with a little child.
46. Due to the severity of Lockheed Martin and its employees' conduct, Ms. Zhang is entitled to punitive damages.

### PRAYER FOR RELIEF

**Wherefore**, Plaintiff Emily Zhang requests that this court enter judgment in her favor and against Defendant Lockheed Martin Corporation on the above Counts from One to Two, and further:
1) Award Ms. Zhang all the front pays, back pays; and in addition
2) Award Ms. Zhang compensatory damages, in amounts to be determined by a jury, on Count One to Two; and in addition
3) Award Ms. Zhang punitive and exemplary damages, in amounts to be determined by a jury, on Counts One to Two; and in addition

4) Award Ms. Zhang reinstatement into a comparable position in Lockheed Martin.

5) Award Ms. Zhang all the legal cost, legal fees related to this case; and in addition

6) Award Ms. Zhang pre and post judgment interests; and in addition

7) Award Ms. Zhang such other and further relief as may be appropriate and permitted by law.

## JURY DEMAND

**THE PLAINTIFF EMILY ZHANG DEMANDS A TRIAL BY JURY.**

12/26/2013

Respectfully submitted,

Emily Zhang
14420 William Carr Lane
703-577-2074