UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

EMILY ZHANG,

    Plaintiff,

v.

                                      Civil Action No. TDC-13-3898

LOCKHEED MARTIN CORPORATION,

    Defendant.

**MEMORANDUM OPINION**

This 42 U.S.C. § 1981 retaliation claim is before the Court on Defendant Lockheed Martin's Motion to Dismiss for Improper Venue, or, in the Alternative, to Transfer. ECF No. 7. Having reviewed the pleadings and supporting documents, the Court finds no hearing necessary. *See* Local Rule 105.6 (D. Md. 2014). For the following reasons, the Motion is DENIED as moot.

**DISCUSSION**

On December 26, 2013, Emily Zhang ("Zhang"), a resident of Virginia, filed a *pro se* Complaint with this Court alleging that, while employed by Lockheed Martin ("Lockheed") from February 2012 to September 2012 in its Arlington, Virginia facility, she was subjected to race discrimination and sexual harassment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, and 42 U.S.C. § 1981 ("§ 1981"). Compl. ¶¶ 6, 36-42, ECF No. 1; *see* Mot. Dismiss, Ex. A ¶ 7, ECF No. 7-2 (establishing that Zhang worked in the Arlington facility). Zhang alleged as well that she was fired in retaliation for complaining about this alleged discrimination and harassment, also in violation of Title VII and § 1981. Compl. ¶¶ 43-46. On April 14, 2014, Zhang, through counsel, filed an Amended Complaint abandoning her

discrimination and harassment claims but keeping her retaliation claims under Title VII and § 1981. *See* Am. Compl., ECF No. 5.

On May 12, 2014, Lockheed filed the pending Motion to Dismiss for Improper Venue, asserting that under the venue provisions of Title VII, this Court is not the proper forum for Zhang's case. Title VII limits plaintiffs' choice of forum to (1) any judicial district in the State in which the unlawful employment practice is alleged to have been committed, (2) the judicial district in which the employment records relevant to such practice are maintained and administered, or (3) the judicial district in which the plaintiff would have worked but for the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(f)(3). Applying these requirements, Lockheed explained that (1) because Zhang worked in Virginia, any unlawful employment practice must have occurred in Virginia; (2) Lockheed's employment records were kept on a server located in Colorado; and (3) but for the alleged unlawful employment practice, Zhang would have continued to work in Virginia. Mot. Dismiss at 3; Reply at 4. Lockheed thus asserted that the District of Maryland is not the proper venue for Zhang's Title VII claim.

As to Zhang's § 1981 claim, Lockheed noted that that claim is governed by the general venue statute, 28 U.S.C. § 1391. Mot. Dismiss at 4. In relevant part, the general venue statute permits plaintiffs to file suit in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). For venue purposes, a defendant corporation resides anywhere it is subject to personal jurisdiction. *Id.* § 1391(c)(2). Lockheed is headquartered in Bethesda, Maryland and so is subject to personal jurisdiction in this state. *J. McIntyre Machinery, Ltd. v. Nicastro*, 131 S. Ct. 2780, 2787 (2011) ("Citizenship or domicile—or, by analogy, incorporation or principal place of

business for corporations—also indicates general submission to a State's powers").[1] Thus, this Court is a proper venue for the § 1981 claim. Lockheed implicitly conceded this point when the only objection it offered to this District as venue for the § 1981 claim was that "pendent venue," which would allow the Title VII claim to be brought in this District together with the § 1981 claim, "is inappropriate in this case," because the more specific venue requirements of Title VII lead to the conclusion that Virginia is the proper venue for a case including both claims. Mot. Dismiss at 4.

On May 29, 2014, Zhang submitted her Response to Lockheed's Motion. ECF No. 10. In that Response, she noted that Lockheed's Human Resource Department was located in Maryland, and argued that the decision to terminate her was made by Human Resources. She thus concluded that the alleged unlawful employment action—retaliatory firing—had occurred in this District and therefore the venue requirements of Title VII were satisfied. Resp. at 2. Lockheed filed its Reply on June 16, 2014, ECF No. 11, in which it clarified that the decision to terminate Zhang was made by her managers in Virginia. Reply at 1. Later that same day, Zhang filed a Notice of Voluntary Dismissal of Title VII Claim in which she explained that while she "does not concede the merits of Defendant's legal position" on the proper venue for the Title VII claim, she was voluntarily dismissing her Title VII claim. ECF No. 12.

Thus, Zhang's only remaining claim is retaliatory firing in violation of § 1981. Because Lockheed's challenge to Zhang's choice of venue was based on her Title VII claim, and because

---

[1] Although the parties did not submit evidence establishing that Lockheed is headquartered in Maryland, that information is available on Lockheed's website. *See* http://www.lockheedmartin.com/content/dam/lockheed/data/corporate/documents/Locations-Map-US.pdf (last accessed Nov. 21, 2014) (identifying Bethesda, Maryland as Lockheed's corporate headquarters). The Court takes judicial notice of this information pursuant to Fed. R. Evid. 201(b)(2).

this District is a proper venue for Zhang's remaining § 1981 claim, Lockheed's Motion is now moot.

## CONCLUSION

For the reasons stated above, it is hereby ORDERED that Defendant's Motion to Dismiss for Improper Venue, or, in the Alternative, to Transfer, ECF No. 7, is DENIED as moot. A separate Order follows.

Date: November 21, 2014

THEODORE D. CHUANG
United States District Judge