**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

EMILY ZHANG,

        Plaintiff,                                  Case No: 8:13-cv-3898-TDC

v.

LOCKHEED MARTIN CORPORATION, etl.

        Defendants

---

**Urgent Ruling on Motion to Compel Rule 30(b)(6) Deposition**
**and Motion to Sanction**

The Plaintiff, respectfully submits Motion to Compel Rule 30(b)(6) Deposition and Motion to Sanction and respectfully requests urgent ruling on this matter based on the close end date of Discovery on June 16, 2015.

The Plaintiff states as following:

1. On May 15, 2015, the Plaintiff notified the defendants of the deposition, of which the date was finalized for June 15, 2015. (See exhibit 1). On this notice, in no way it can be misconstrued that Lockheed Martin and all the defendants should be excluded from this deposition.

2. On June 14, 2015, I emailed Ms. Giraudo, the counsel of defendants, to check her who would be at the next day's deposition from Lockheed Martin. The next day on June 15, 2015, Ms. Giraudo told me there would be no way she or someone from Lockheed would answer my questions at the deposition except for the witnesses I requested previously. Therefore, the June 15, 2015's deposition became a purely witnesses deposition. Ms. Giraudo told me rule 30(b)(1) is totally different from rule

30(b)(6), which has different requirements and standards to apply to it. She completely objected to any question related to defendants and stated that I didn't send her notice for such deposition. However, under rule 30(b)(6), it stated clearly that "*This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.*", which means Lockheed Martin, as defendant, should not be precluded by any deposition governed by this rule, specifically, under rule 30(b)(1), Notice in General.

3. On June 15, 2015, after the deposition of the witnesses, I sent her notice of Rule 30(b)(6). (See exhibit 2). On June 16, 2015, Ms. Giraudo replied my other emails, but didn't respond to my notice. I had to send her another email to let her confirm. She didn't respond, again. Then I called her and left her voice message and asked her to respond to my notice of rule 30(b)(6) deposition, and if there is any date/time conflict, I can adjust it. I told her I recorded my call to her. Then I sent her another email to let her respond to either confirm or reschedule the deposition to another day. (See Exhibit 3) and I also told her if she kept refusing to respond, she would be facing sanction with bad faith. Then she responded to me (See exhibit 4, 5). In the email, she quoted rule 30(b)(1) requirements to apply to this rule 30(b)(6) notice which is self-contradictory when she refused to answer any question related to Lockheed Martin on June 15th, 2015's deposition and stated that rule 30(b)(1) requirements is completely different from rule 30(b)(6), and that's also the reason I have to take trouble to have another deposition. Now she is quoting rule 30(b)(1) requirements for the 14 days notice time to apply to rule 30(b)(6), which I found nowhere under this rule there is 14 days notice time. This rule only stated "reasonable time".

4. Although the new 30(b)(6) deposition is on short notice, it IS reasonable timeframe since before I formally sent out this notice, I already asked Ms. Giraud who would be present at June 15, 2015's deposition which Ms. Giraudo interpreted as 30(b)(6) deposition, and when I sent out the deposition notice on May 13, 2015, even if Ms. Giraudo misconstrued as "no involvement with any defendant", she should be expecting there would be a 30(b)(6) deposition as an experienced employment discrimination lawyer. And when the court order entered back in December, 2014 for the start of Discovery, Lockheed Martin should have already been expecting there would be 30(b)(6) deposition and preparing for it since it is on the court scheduling order. Therefore, **this notice of deposition is not a surprise for Lockheed Martin**. Therefore, even if it is not a 14 days notice, which is not required under rule 30(b)(6), I gave Ms. Giraudo sufficient time for this deposition. In Giraudo's reply email, she not only objected this rule 30(b)(6) due to 14 days notice she insisted, but also, she simply completely objected this deposition (exhibit 5), including the content, the topics of this 30(b)(6) deposition, which is outrageous since Lockheed Martin is obligated to have this deposition and is violating the law by refusing to have this deposition.

5. Since the end date for Discovery and submit the status report would be June 26, 2015, I don't have 14 days to wait to conduct another deposition, which I could have done in my first deposition. And I also need time to compile all the transcripts and organize all the evidences to present my arguments. Therefore, I need an urgent ruling on this deposition.

6. Also, Ms. Giraudo should be sanctioned due to the bad faith in dealing with me, a *pro se* Plaintiff. This incident is not the first incident to demonstrate Ms. Giraudo's bad faith and bad credibility.

   In the past experiences dealing with her, she lied about what she said, for example on May 4, 2015, I sent her email to check with her when would be best time the next day (May 5, 2015) for her to have meet and confer, which she proposed the date in the previous conversation with me when I further requested answer to interrogatory questions, when Lockheed failed to answer. She replied my email and told me "We did not have a meet and confer scheduled today"…I actually recorded the phone conversation with her at our previous talk, and replayed, she said loud and clear that:

   *"why don't we have a meet and confer on May 5th (for interrogatory). "*

   I replied her email and told her I recorded our phone conversation and she said loud and clear and it was her who proposed the meet and confer on May 5th. She then made apology. Although with apology, it shows the credibility of this counsel, the plaintiff has to take extremely cautious step like recording the conversations to be careful of her, she can lie easily and without my recording, there was no way to prove her lie.

7. At the June 15th, 2015's deposition, Ms. Giraudo objected to every single question, for every single witness, she constantly interrupted my talk, and the witness's talk. And the time she took for objecting every single question and the lengthy verbiage she used to object, made the time she took to object even went beyond the actual deposition. Many times, the deposition can't continue with her too frequent interruptions and objections. Even worse, for most of the questions, she basically

answered my question on behalf of the witnesses, and then directed the witness to answer, and then the witness simply repeated what she said. The typical example was: when I questioned witness Ravi Veerasamy, since I previously had production request for the email I sent to Ravi Veerasamy on 08/06/2012, right after the HR meeting that day, at the meeting, the senior HR manager, Tamar Becks blamed me I made her life miserable and she shouldn't be wasting time and sitting in the meeting to solve the issues I complained. And then threatened me to start look for other jobs if I was not happy with the working situation in Lockheed. I sent email after meeting on 08/06/2012 to check with Ravi Veerasamy if senior HR manager would really fire me since she already threatened. He replied my email and assured me that I shouldn't worry about my job security, since when I was hired on the last day of May, 2012, the budget already set and secured for my position. I requested production document for this email from Lockheed Marin and was told it was not in Lockheed Marin's control, possession, and custody, then I requested this document from Ravi Veerasamy, one of the defendants, Ms. Giraudo told me it was not in Ravi Veerasamy's possession, control and custody. Therefore, on June 15, 2015's deposition meeting, I asked Ravi Veerasamy if Ms. Giraudo asked him to produce the email I requested which dated 08/06/2015, he told me the budget for my position was set and shouldn't worry about job security, Ms. Giraudo immediately interrupted and demanded Ravi Veerasamy not to answer my question due to attorney-client privilege. Then I had to ask Ravi Veerasamy if he retained his work email, after he said sometimes he deleted emails, but generally retained the email (it seems that he had no clue what Ms. Giraudo was talking about and the inference can be easily drawn that Ms. Giraudo didn't ask Ravi

Veerasamy to produce this email previously while told me it was not in Ravi Veerasamy's possession, control and custody). Then I asked him for Lockheed's email database system, how far it can be dated back for the emails to be retained/preserved. Since he is the IT program manager, in charge of a division with hundreds of people, this is a valid question at his position, he should know what the IT database policy for how long the database can preserve the emails. Before Ravi Veerasamy answered my question, Ms. Girauod immediately stated maybe he didn't know. Ravi Veerasamy then repeated what Ms. Giraudo said and answered "I don't know.". When I questioned him how come a senior level IT manager, didn't know the IT database policy, Ms. Giraudo immediately said "Maybe to his best knowledge, he didn't know." Ravi Veerasamy then repeated what Ms. Giraudo said again, "to my best knowledge, I don't know." I warned Ms. Giraudo shouldn't put words into the witness's mouth and it's against the federal rule. She then apologized and said it was not intentional. She used the similar fashion instructed other witnesses to answer my question numerous times. However, the email sent to/from Ravi Veerasamy is extremely important which will directly lead to uncovering the truth, along with other already found truth. Since Lockheed stated the reason to terminate me on 09/28/2012 was budget reason, while on 08/06/2012, in Ravi Veerasamy's email, he stated the budget was already set for my position and assured me not to worry about job security, which showed pretext that the real reason to terminate me was retaliation and discrimination right after I complained about racial and sexual harassment and discrimination.

8. Ms. Giraudo's behaviors are against Federal Civil Procedure for Discovery, against the ethics as professional attorney, and with bad faith and bad credibility.

Wherefore, the plaintiff is requesting this court:

1. Grant an urgent order for 30(b)(6) deposition, which will be conducted on June 18, 2015. Or, as alternative order, extended the all dates for another two weeks for the previous scheduling order issued on 04/16/2015.

2. Grant the order to sanction Ms. Giraudo due to bad faith, bad credibility, and improper/illegal behaviors to obstruct the normal, fair process of discovery.

_s_
Emily Zhang
14420 William Carr Lane
Centreville, VA 20120
Email: emily.zhang0613@gmail.com

06/16/2015

```
```

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 16th day of June, 2015, the foregoing was served to

Denise E. Giraudo
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
1909 K Street, N.W., Suite 1000
Washington, DC 20006
Telephone: 202-263-0245
Fax: 202-887-0866
denise.giraudo@ogletreedeakins.com


_s_
Emily Zhang
14420 William Carr Lane
Centreville, VA 20120
Email: emily.zhang0613@gmail.com

06/16/2015