IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND


EMILY ZHANG,

        Plaintiff,                                Case No: 8:13-cv-3898-TDC

v.

LOCKHEED MARTIN CORPORATION, etl.

        Defendants

---

### PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL AND MOTION TO SANCTION

The Plaintiff respectfully submits Reply to Defendants' Opposition to Plaintiff's Motion to Compel and Motion to Sanction, and states the grounds as following:

1. Defendants' efforts were in vain by attempting to mischaracterize and to paint a bad image on the Plaintiff by citing another case's ruling to make the arguments here for this Motion to Compel and Motion to Sanction Ms. Giraudo, the defendants' legal counsel.

   The merits and ruling of another case is not applicable to the ruling this case in the first place, besides, the ruling itself in the case defendants cited is a shame and laughing stock in American legal history.

   In that totally irrelevant case, Judge O'Grady asked the plaintiff to amend the original complaint with detailed facts and allegations at the Motion to Dismiss stage, after the Plaintiff did so, this Federal court judge, ruled that the Plaintiff committed fraud by adding new facts/allegations which he didn't see before. At the Motion to Dismiss stage, when there was nothing conducted for Discovery,

with complete absence of court record or evidence, Judge O'Grady dismissed that case in entirety.

Even for a first year law school student, knows well that the ruling is ridiculous, outrageous, and many people, with legal profession or not, who the Plaintiff talked to, described this judge as "with no basic legal knowledge about legal procedure and legal requirements", "outrageous", "shame", etc. Now this experienced lawyer cited such a ridiculous ruling from another irrelevant case, with clear knowing there was no fraud (everything is on the public record in court system and nothing can be found for fraud), in order to paint a bad image on the Plaintiff, her efforts are not only in vain, but also with malicious intention and bad faith.

2. Defendants alleged that they made efforts to meet and confer as to my rule 30(b)(6) notice, after they refused to respond to my notice, after 6/7 contacts from me while they simply completely objected this 30(b)(6) deposition. Please see exhibit 4, 5 for my original filing, in either the email or in its formal objection, defendants made aggressive and very firm announcement that there is no way they can have this 30(b)(6) deposition, which is violating the federal civil procedures. *After* I told Ms. Giraudo I would have to file to the court Motion to Compel and Motion to Sanction, she told the court she made efforts to meet and confer in "good faith" and I shouldn't have filed Motion to Compel and Motion to Sanction if she attempted to meet and confer, after telling me with affirmation that there was no way to have this 30(b)(6) deposition. Most important of all, I don't need to meet and confer in order to file this Motion to Compel 30(b)(6) deposition

and Motion to Sanction, under 30(b)(6), there is no such requirement for meet and confer. Besides, I can't read her mind she would "meet and confer" and wait for her "meet and confer" after her absolute objection. And I believe my 6/7 contacts concerning that notice already went beyond meet and confer purpose. Again, Ms. Giraudo is mixing up different legal requirements to different rules for her own benefits. After Ms. Giraudo told the Plaintiff with absolute, aggressive affirmation that there was no way to have 30(b)(6) deposition, it is more than valid for me to file a Motion to Compel and Motion to Sanction, without waiting for her to "meet and confer" with me, which is not required under 30(b)(6).

3. Even if I didn't send out formal 30(b)(6) notice previously, it's not the excuse that Lockheed should be excluded from 06/15/2015's deposition, which was the "notice in general" under 30(b)(1). Under rule 30(b)(6), it stated clearly that "This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.", which means Lockheed Martin, as defendant, should not be precluded by any deposition governed by 30(b) rule, specifically, under rule 30(b)(1), Notice in General.
Ms. Giraudo refused to answer any question concerning defendant Lockheed Martin on 06/15/2015 which violated rule 30(b)(1) governed by notice in general. Due to Ms. Giraudo's refusal to answer any question related to defendant Lockheed Martin or any other defendant, I had to schedule another deposition with extra cost, time, hassle, she completely objected the new deposition.

4. Ms. Giraudo's behaviors involved misconduct, and possibly fraud by obstructing the witnesses to give honest answers to the questions, by answering the questions

from her mouth for the witnesses, and by giving obvious misinformation, which is illegal and violating the federal rule of discovery.

5. Besides the misconduct I stated in my original Motion to Compel and Motion to Sanction, she simply answered many questions on the witnesses' behalf and then the witnesses repeated what she said, and from the answer from Mr. Veersamy, people can draw clear inference that Ms. Giraudo didn't request the email dated 08/06/2012 from Mr. Veersamy, in which he told me the budget was already set for my job position when I was hired on the last day of May, 2012, which was conflicting with the budget reason for terminating me after I complained about racial, sexual harassment, discrimination to HR. Ms. Giraudo asked Mr. Veersamy not to answer my related questions due to attorney-client privilege. However, significantly, Ms. Giraudo never had any disclosure for Rule 26(f) for her privilege log at the beginning of the discovery. She can't claim disclosure now whenever there is critical information should be disclosed when the case moves along. Even I, as *pro se*, know this rule, as an experienced employment discrimination attorney, she can't totally disregard this rule, and asked her client not to answer my related question. Interestingly, in Lockheed's documentation already produced, there are many emails dated back, HR managers, me, my managers, including emails to/from this second level manager, Mr. Veersamy, which were around 06/2012, 07/2012, and especially several emails dated 08/01/2012, 08/02/2012, 08/03/2012, 08/06/2012, etc. however, Ms. Giraudo told me the email sent on 08/06/2012 from Mr. Veersamy was not in Lockheed's possession, control, and custody, and not in Mr. Veersamy's possession, control,

custody either. How can all other emails communicated around that time were in Lockheed's possession, control, custody while only this critical email was not? And this court should do investigation if Ms. Giraudo did request the production document from Mr. Veersamy since he admitted he generally retained his emails, and he had no clue what Ms. Giraudo was trying to hide. If Ms. Giraudo did request the email from him before, there should be call or email record for requesting it. In this situation, email would be the proper way since it's related to a document. Either phone call or email, this court should investigate and subpoena Ms. Giraudo's email or phone record to request 08/06/2012 email from Mr. Veersamy. If she didn't request or there is no record to show she did after I requested it from Mr.Veersamy, she is involving in fraud in this court for the purpose of preventing the critical evidence, which can directly lead to the uncovering the truth, to be disclosed. This is very serious crime!

6. There are still a list of interrogatory questions which Lockheed failed to answer or production documentation which Lockheed failed to produce, I'm waiting until the deadline I gave to Lockheed for meeting the "meet and confer" and will file a separate Motion to Compel to compel all those answers and documentations if Lockheed continues failing to produce.

7. Last but not least, during the whole day of deposition I conducted on 06/15/2012, Ms. Giraudo was chewing the gum all the time in front of the camera, which showed no respect to me, the plaintiff, and no respect to other court reporter, notary public officer, and witnesses either.

**Wherefore, I pray this court:**

1. Compel defendants to be cooperative to have the 30(b)(6) deposition which is required by law, and set the date for this deposition asap. If it goes beyond the deadline of the end date of discovery, Lockheed should cooperatively file joint motion to extend the deadline to in order to complete all the necessary discovery.
2. would grant the order to sanction Ms. Giraudo, and also do related investigation for fraud.

_s_<br>
Emily Zhang<br>
14420 William Carr Lane<br>
Centreville, VA 20120<br>
Email: emily.zhang0613@gmail.com<br>
<br>
06/18/2015

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this 18th day of June, 2015, the foregoing was served to

Denise E. Giraudo
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
1909 K Street, N.W., Suite 1000
Washington, DC 20006
Telephone: 202-263-0245
Fax: 202-887-0866
denise.giraudo@ogletreedeakins.com

_s_
Emily Zhang
14420 William Carr Lane
Centreville, VA 20120
Email: emily.zhang0613@gmail.com

06/18/2015